## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST and JOHN FULTZ as a Fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, | ) )<br>) )<br>) )<br>) ) |
| Plaintiffs, | ) ) |
| vs. | )  Case No. 2:18-cv-_____ |
| LUCEY BOILER CO., | ) )<br>) ) |
| Defendant. | ) ) |

### COMPLAINT

Plaintiffs, Boilermaker-Blacksmith National Pension Trust (the "Pension Fund") and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust (collectively "Plaintiffs"), by their counsel, Tucker Arensberg, P.C., file the following Complaint:

### REQUEST FOR PLACE OF TRIAL

1.     Pursuant to District of Kansas Rule 40.2, the Pension Fund requests that trial be held in Kansas City, Kansas.

### NATURE OF THE ACTION

2.     Plaintiffs bring this action under Section 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1451, for the collection of withdrawal liability, interest, liquidated damages and attorneys' fees incurred as the result of an employer's failure to make interim withdrawal liability payments pending its dispute of such liability.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

4.      Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administered in this district.

## PARTIES

5.      The Pension Fund is an employee benefit pension plan within the meaning of 29 U.S.C. § 1002(3) that maintains its principal place of business at 754 Minnesota Avenue, Kansas City, Kansas 66101.

6.      The Pension Fund is a multi-employer pension plan within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S.C. § 186(c)(5).

7.      The Pension Fund is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

8.      Plaintiff John Fultz is a fiduciary of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9.      Upon information and belief, Defendant Lucey Boiler, Co. ("Lucey Boiler") is a corporation which, at all relevant times, had its principal place of business at 901 S Holtzclaw Ave., Chattanooga, TN 37404.

## BACKGROUND

10.     At all relevant times, the Pension Fund was a third-party beneficiary to multiple collective bargaining agreements between Lucey Boiler and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers AFL-CIO, CLC, under

which agreements Lucey Boiler was obligated to report and submit Pension Fund contributions

for each hour of covered work performed by its employees.

11.      At all relevant times, Lucey Boiler was subject to the Pension Fund's Trust

Agreement, the relevant portions of which are attached as **Exhibit A.**

12.      In January 2018, the Pension Fund's Board of Trustees ("Board") voted to

terminate Lucey Boiler as a contributing employer to the Pension Fund.

13.      The Board took this action because Lucey Boiler had not contributed to the

Pension Fund under the Collective Bargaining Agreement covering field work ("Field CBA")

since 2012 or the Collective Bargaining Agreement covering shop work ("Shop CBA") since

April 2017.

14.      By January 2018, there was no prospect that Lucey Boiler would resume any

covered work or make any further contributions to the Pension Fund.

15.      Therefore, rather than allowing Lucey Boiler to indefinitely remain in inactive

status and burden the Pension Fund's other contributing employers, the Board determined that

it was in the best interest of the Pension Fund to exercise its powers under the Trust Agreement

to terminate Lucey Boiler as a contributing employer and, thereafter, collect withdrawal liability

from it.

16.      The Board's decision to expel Lucey Boiler from the Pension Fund triggered a

complete withdrawal under Section 4203(a)(1) of ERISA, 29 U.S.C. § 1383(a)(1), because

Lucey Boiler permanently ceased to have an obligation to contribute to the Pension Fund.

17.      In accordance with Sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382 and

1399, the Pension Fund sent Lucey Boiler a Withdrawal Liability Notice and Demand dated

October 19, 2017, informing Lucey Boiler that:

   a.  Lucey Boiler has ceased all covered operations under the Pension Fund,
       resulting in a complete withdrawal from the Pension Fund during the 2017
       Plan year.

   b.  Lucey Boiler's withdrawal liability was $ 464,536.00.

    c.  Lucey Boiler could discharge the withdrawal liability by either making a lump-sum payment of the entire amount of withdrawal liability or by making monthly payments in accordance with the payment schedule provided.

    d.  Lucey Boiler's first payment was due in 60 days, i.e., December 19, 2017.

18.    Lucey Boiler made its first (and only) payment of $21,221.76 on December 27, 2017.

19.    On April 19, 2018, the Pension Fund withdrew its previous Notice and Demand and sent Lucey Boiler a new Withdrawal Liability Notice and Demand (the "Notice and Demand"), attached as **Exhibit B**, informing Lucey Boiler that:

    a.  The Pension Fund's Board voted to terminate Lucey Boiler as a contributing employer to the Pension Fund, resulting in a complete withdrawal from the Plan.

    b.  Its estimated withdrawal liability for 2018 was $424,900.

    c.  The withdrawal liability amount was estimated because the Pension Fund's 2017 actuarial valuation had not yet been completed.  The Pension Fund reserved its right to adjust the withdrawal liability amount and/or payment plan.

    d.  Lucey Boiler could discharge the withdrawal liability by either making a lump-sum payment of the entire amount of withdrawal liability or by making monthly payments in accordance with the payment schedule provided.

    e.  The first monthly payment was due 60 days from the date of the Notice and Demand, i.e., June 18, 2018.

20.    On June 18, 2018, Lucey Boiler sent the Pension Fund a letter, attached as **Exhibit C**, requesting its December 27, 2017 payment made to the Pension Fund, in the amount of $21,221.76 and in accordance with the payment schedule provided with the now withdrawn Notice and Demand, be credited toward its first payment due on June 18, 2018 under the current payment schedule.  The Pension Fund agreed to do so.

21.     Other than that first payment of $21,221.76, Lucey Boiler has not made any payments to the Pension Fund under the schedule set forth in the April 18, 2018 Notice and Demand letter.

22.     On July 17, 2018, Lucey Boiler served the Pension Fund with a Request for Review under Section 4219(b)(2)(A) of ERISA, attached as **Exhibit D**, raising eight separate issues.

23.     In October 2018, the Pension Fund's actuary, Segal Consulting, completed the valuation of the Pension Fund for the 2017 year.

24.     Based upon Segal's valuation, on October 25, 2018, the Pension Fund revised its prior estimated withdrawal liability calculation and sent Lucey Boiler a letter, attached as **Exhibit E,** with the final withdrawal liability calculation ($434,304.00) and the corresponding amount of payments under the Pension Fund's schedule in the April 18, 2018 Notice and Demand (21 monthly payments of $21,044.74 each, plus a final payment of $8,760.72).

25.     This letter did not affect the date that the payments were due under the Pension Fund's Notice and Demand, only the amount of those payments.

26.     On November 1, 2018, the Pension Fund issued a Response to Lucey Boiler's Request for Review pursuant to Section 4219(b)(2)(B) of ERISA, 29 U.S.C. § 1399(b)(2)(B), attached as **Exhibit F**.

27.     The Pension Fund's Response to the Request for Review thoroughly analyzed all of the issues raised by Lucey Boiler but rejected them all.

28.      On December 12, 2018, Lucey Boiler, pursuant to Section 4221(a) of ERISA, 29 U.S.C. § 1401(a), sent the Pension Fund a Demand and Notice of Initiation of Arbitration Multiemployer Withdrawal Liability Dispute, attached as **Exhibit G.**

29.     Lucey Boiler has demanded arbitration with respect to the issues it raised in its Request for Review.

30.     The parties have not yet retained an arbitrator to resolve these disputes, but will do so, as required by Section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

31.     In accordance with Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(5), because Lucey Boiler failed to make any of its payments aside from its first payment, the Pension Fund sent Lucey Boiler 60-Day Cure Notices for Lucey Boiler's second through eighth monthly payments (July 2018 through January 2019).  Attached as **Exhibit H**.

32.     In each 60-Day Cure Notice, the Pension Fund advised Lucey Boiler that failure to cure its delinquent payments (with liquidated damages of 10% and interest of 12% annually on both the principal and the liquidated damages) would result in the Pension Fund initiating an action in federal court to collect them, plus additional interest, attorneys' fees and costs. **Exhibit H**.

33.     Because Lucey Boiler has requested review and demanded arbitration, the applicable regulations, 29 C.F.R. § 4219.31(c), prevent the Pension Fund from invoking Section 4219's acceleration provision and requiring Lucey Boiler to make the immediate payment of the entire outstanding amount of its withdrawal liability.  Thus, in this action, the Pension Fund is currently able to only collect the overdue payments from Lucey Boiler, as well as future payments as they become due.

34.     Lucey Boiler has, to date, only made one out of eight payments in accordance with the Pension Fund's monthly payment schedule as set forth in the April 18, 2018 Notice and Demand.

### COUNT I
### WITHDRAWAL LIABILITY PAYMENTS PURSUANT TO 29 U.S.C. §§ 1399(c)(2) and 1401(d) AGAINST LUCEY BOILER, CO.

35.     The Pension Fund incorporates the foregoing allegations as if fully set forth at length.

36.     Lucey Boiler is indebted to the Pension Fund due to its failure to make withdrawal liability payments that arose due to their complete withdrawal from the Pension Fund and pursuant to multiple collective bargaining agreements, which incorporated the Pension Fund's Trust Agreement.

37.     The Pension Fund notified Lucey Boiler by letter dated April 19, 2018, that Lucey Boiler had withdrawn from the Pension Plan within the meaning of Section 42013 of ERISA, 29 U.S.C. §1383, and provided a payment schedule for the payment of withdrawal liability.  **Exhibit B**.

38.     Although Lucey Boiler is disputing the Pension Fund's withdrawal liability determination through a mandatory arbitration process, Sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), nevertheless require that Lucey Boiler pay the lump sum of the withdrawal liability or make the monthly withdrawal liability payments as determined by the Pension Fund pending that process.

39.     To date, Lucey Boiler has neither made the lump sum payment, nor complied with the schedule by making the monthly payments that became due in July 2018 or any of the months thereafter.

40.     As a result, under Section 4219(c)(2) of ERISA, 29 U.S.C. §1399(c)(2), Lucey Boiler is currently delinquent to the Fund for seven missed withdrawal liability payments (July 2018 through January 2019).

41.     Additionally, under Section 4301(b) of ERISA, overdue withdrawal liability payments are accorded the same treatment as delinquent contributions under Section 515 of ERISA, 29 U.S.C. § 1145.

42.     Therefore, the Pension Fund is also entitled to the statutory remedies set forth in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

43.     Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), requires the Court to award the Pension Fund interest on unpaid contributions, which is "determined by using the rate provided under the plan."

44.     Article IV, Section 3 of the Trust Agreement provides that the Pension Fund is entitled to interest at the rate of 12% per annum on delinquent contributions <u>and</u> liquidated damages from the date due.  **Exhibit A**.

45.     Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), requires that the Court award the Pension Fund the greater of (i) the same amount of interest in Section 502(g)(2)(B), <u>i.e.</u>, double interest, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20%.

46.     Liquidated damages for withdrawal liability payments are assessed at the same rate for delinquent monthly contributions as provided for in Article IV, Section 3 of the Trust Agreement and shall become due and payable following the day on which the delinquency occurred.  **Exhibit A**.

47.     Article IV, Section 3 of the Trust Agreement requires the payment of liquidated damages in an amount not in excess of 20% of the contributions due, but no less than $10.00 for each delinquent reporting period.  **Exhibit A.**

48.     When the Pension Fund is required to file an action in federal court to collect overdue withdrawal liability payments, the Pension Fund assesses liquidated damages at a rate of 10% of the payments due.

49.     Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), also mandates that Lucey Boiler pay the Pension Fund's reasonable attorneys' fees and costs in this action.

50.     Because the monthly withdrawal liability payments, liquidated damages, interest, attorneys' fees and costs to which the Pension Fund is entitled will keep increasing in the event that Lucey Boiler continues ignoring its obligations to pay them, the Pension Fund reserves its

right to submit its calculations and collect additional amounts as they become due and owing upon the Court's entry of judgment in this action.

WHEREFORE, Plaintiffs Boilermaker-Blacksmith National Pension Trust and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust demand judgment against Defendant Lucey Boiler for all delinquent withdrawal liability payments, plus additional monthly withdrawal liability payments that shall become due and owing, as well as all interest, the greater of interest (double interest) or liquidated damages, attorneys' fees and costs permitted under 29 U.S.C. § 1132(g)(2).

Respectfully submitted,

TUCKER ARENSBERG, P.C.

/s/ Neil J. Gregorio
Neil J. Gregorio, Esquire
Ks. Id. No. 28000
Pa. Id. No. 90895

1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212

Counsel for the Plaintiffs, Boilermaker-Blacksmith National Pension Trust and John Fultz as a Fiduciary of the Boilermaker-Blacksmith National Pension Trust

TADMS:5072856-2 032403-185676